**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
IN RE FRESH DEL MONTE PINEAPPLES : : No. 1:04-md-1628
ANTITRUST LITIGATION. (RMB)
:
---------------------------------------------------------------------X **DECISION AND ORDER**
:
This Document relates to: :
:
*Barry v. Del Monte Fresh Produce Company N.A.,* :
*Inc., et al*, No. 1:04-cv-09710 (RMB); :
*Churosh v. Del Monte Fresh Produce Company* :
*N.A., Inc., et al.*, No. 1:04-cv-08581 (RMB). :
---------------------------------------------------------------------X

## I. Introduction

On or about April 29, 2004 and in or about June 2004, respectively, purported class action lawsuits were filed in Arizona and Nevada state courts on behalf of "indirect purchasers" of "Fresh Del Monte Gold" pineapples ("Indirect Plaintiffs") against, among other parties, Del Monte Fresh Produce Company, N.A., Inc. ("Del Monte" or "Defendants"). See Churosh v. Del Monte Fresh Produce Co., Case No. CV 2004-008384 (Maricopa Co. Sup. Ct., Ariz.) ("Churosh"); Barry v. Del Monte Fresh Produce Co., Case No. A488218 (Clark Co. Dist. Ct., Nev.) ("Barry"). Both actions alleged that Defendants engaged in deceptive and anti-competitive practices in order to gain a monopoly in the "extra sweet" pineapple market, and asserted claims solely under Arizona and Nevada antitrust and consumer fraud statutes and state common law. (See Churosh Complaint, dated April 29, 2004; Barry Complaint, dated June 2004.)

Defendants removed the actions to the United States District Courts for the Districts of Arizona and Nevada, respectively, asserting federal patent law jurisdiction, 28 U.S.C. § 1338(a). (See Churosh, No. 2:04-1067 (D. Ariz.); Barry, No. CV-S-04-1275 (D. Nev.).) The Indirect Plaintiffs then moved to remand the cases to state court, which motions were stayed by the

Arizona and Nevada district courts. (See Churosh Order, dated June 25, 2004; Barry Order, dated January 13, 2005.) By orders dated October 25, 2004 and November 15, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") transferred both actions to this Court pursuant to 28 U.S.C. § 1407 "for coordinated or consolidated pretrial proceedings" (Churosh, No. 1:04-cv-08581; Barry, No. 1:04-cv-09710). (See JPML Orders, dated Oct. 29, 2004 and Nov. 15, 2004.)[1]

By letter to this Court, dated December 9, 2004, the Indirect Plaintiffs renewed their motions to remand the Churosh and Barry actions to state court on the grounds that "there are no substantive issues of federal law implicated in these indirect purchaser actions." (Indirect Plaintiffs' Letter to the Court, dated December 9, 2004 ("Pl. Mem."), at 1 ("[I]n three other identical state court indirect purchaser class actions, which Del Monte improperly removed to federal court, the District Courts . . . remanded the actions.").) Defendants countered that "these cases will require adjudication of substantial issues of federal patent law." (Defendants' Letter to the Court, dated December 16, 2004 ("Def. Mem."), at 2.) **For the reasons set forth below, the motions to remand are granted.**

## II.     Legal Standard

A state court action may be removed to federal court "if it qualifies as a 'civil action . . . of which the district courts of the United States have original jurisdiction . . . .'" Rivet v.

---

[1] At the time, there were pending in this Court six related class action lawsuits against Del Monte that were consolidated as "Direct Purchaser Actions" and "Indirect Purchaser Actions." (See Pre-Trial Order No. 1, dated June 4, 2004.) "Direct Purchasers" are all those who purchased "Fresh Del Monte Gold" pineapples directly from Del Monte, while "Indirect Purchasers" are "all end-payors, i.e., consumers, the last persons . . . in the chain of distribution" who purchased such pineapples. (Consolidated Direct Purchaser and Indirect Purchaser Class Action Complaint, dated Aug. 18, 2004, ¶¶ 14-15.)

Regions Bank of La., 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)). The Court is required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 66 F. Supp. 730, 732 (S.D.N.Y. 1994).

Under 28 U.S.C. § 1338(a), a district court's "jurisdiction . . . extend[s] only to those cases in which a well-pleaded complaint establishes either [1] that federal patent law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808-09 (1988). "Thus, a claim supported by alternative theories in the complaint [including a patent law claim] may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." Id. at 810.

**III.  Analysis**

Both the Churosh and Barry actions should be remanded to state court for lack of subject matter jurisdiction because patent law is not "essential to each of [the Indirect Plaintiffs'] theories." Christianson, 486 U.S. at 810.[2] The same conclusion has been reached in three other similar cases where indirect purchasers filed (state) class action lawsuits alleging similar claims against Del Monte in Tennessee, California, and Florida. See Williams v. Del Monte Fresh Products Co., 325 F. Supp. 2d 855, 860 (M.D. Tenn. 2004) ("Plaintiff presents at least one theory

---

[2]The factual allegations in the Barry and Churosh complaints are virtually identical. (Def. Mem. at 2 n.4.)

and per the ruling in Christianson, because there is a theory of the case that does not implicate federal law, it should be remanded to state court"); Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1056 (N.D. Cal. 2004) (The "alleged acts of fraud and misinformation do not implicate Defendants' patent rights; they implicate Defendants' actions in conducting business, in competing with other pineapple growers and sellers, and in inflating pineapple prices. Under the facts alleged in the Complaint, Plaintiff would be entitled to relief on each and every one of her causes of action without resolution of patent law issues."); Vassilatos v. Del Monte Fresh Produce Co., Order, dated July 23, 2004, at 6 ("There are no predominating issues of patent law necessary to the resolution of this case. The Court will not read a federal cause of action into what is otherwise a well-pleaded complaint for state common law or statutory claims. The Plaintiffs can prove fraudulent actions in obtaining a patent as well as intent to defraud without analyzing the validity of [Defendants'] patent . . . .").

## IV. Conclusion and Order

For the foregoing reasons, the Indirect Plaintiffs' motions [3] to remand the Barry and Churosh actions are granted. The Clerk of the Court is directed to close these cases, and to remand the Barry action to the Eighth Judicial District Court, Clark County, Nevada, and to remand the Churosh action to the Arizona State Superior Court for Maricopa County.

Dated: New York, New York
April 20, 2005

_____
RICHARD M. BERMAN, U.S.D.J.