```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-20-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE FRESH DEL MONTE PINEAPPLES         :
ANTITRUST LITIGATION.                    :    No. 1:04-md-1628 (RMB)
------------------------------------------------------------X
This Document relates to All Actions.    :    **ORDER**
------------------------------------------------------------X

### I.  Background

On August 18, 2004, a [Corrected] Consolidated Direct Purchaser and Indirect Purchaser Class Action complaint ("Complaint") was filed against Del Monte Fresh Produce Company and Del Monte Fresh Produce, N.A., Inc. ("Del Monte" or "Defendants"), on behalf of all those who purchased "Fresh Del Monte Gold" pineapples ("Plaintiffs") in the United States from March 1, 1996 to the present ("Class Period").  Plaintiffs allege that, during the Class Period, Del Monte "improperly obtained and maintained a monopoly over the propagation, marketing, and sale of fresh, whole, extra-sweet pineapple . . . by: (i) securing a patent, through the prosecution of a fraudulent patent application with the United States Patent and Trademark Office ('PTO') for a pineapple variety it knew, and has now admitted, was unpatentable . . . ; (ii) issuing intentionally false and misleading letters to competitors and others stating that the 'Fresh Del Monte Gold™' pineapple was patented by Defendants and threatening litigation if they engage in the propagation, marketing, or sale of that pineapple . . . ; [and] (iii) commencing and pursuing sham patent litigation in order to foreclose competition in the fresh, whole, extra-sweet pineapple market . . . ." (Compl. ¶ 3.)  According to Plaintiffs, "Defendants used their unlawfully obtained monopoly power to charge supracompetitive prices for the Gold pineapples, thereby causing both direct and indirect purchasers of the Gold pineapples to sustain injury to their business and property." (Id. ¶ 12.)

Plaintiffs include both Direct Purchasers, i.e., all those who purchased Fresh Del Monte

Gold pineapples directly from Del Monte, and Indirect Purchasers, i.e., "all end-payors," including "consumers, the last persons . . . in the chain of distribution" who purchased such pineapples. (Compl. ¶¶ 14-15.) The Direct Purchasers assert claims for monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2; and common law claims for "restitution/disgorgement/unjust enrichment" under the laws of the 50 States and the District of Columbia ("Unjust Enrichment Claims"). (Comp. ¶¶ 112-38.) The Indirect Purchasers assert claims for monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2 (Compl. ¶¶ 130, 135); common law claims for "restitution/ disgorgement/unjust enrichment" under the laws of the 50 States and the District of Columbia (id. ¶¶ 136-38); claims for damages under the anti-monopoly statutes of 21 States and the District of Columbia (id. ¶¶ 139-63); and claims for restitution and/or damages under the consumer protection statutes of 44 States and the District of Columbia (id. ¶¶ 164-211).

On May 27, 2005, Defendants moved, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss (A) the Direct Purchasers' Unjust Enrichment Claims, and (B) all of the Indirect Purchasers' state law claims.[1] (Defendants' Memorandum of Law, dated May 27, 2005 ("Def. Mem."), at 1-3.) On July 1, 2005, Plaintiffs filed a memorandum of law opposing the motion to dismiss ("Pl. Mem."); and on July 22, 2005, Defendants filed a reply memorandum of law.

**For the reasons set forth below, Defendants' (partial) motion to dismiss is granted with respect to the Direct Purchasers' Unjust Enrichment Claims and denied (as moot)**

---

[1] On June 30, 2005, Plaintiffs moved pursuant to Fed. R. Civ. P. 23(b)(3) for certification of proposed classes of Direct and Indirect Purchasers. (See Plaintiffs' Memorandum of Law, dated June 30, 2005, at 1-2.) The Court resolves that motion in a separate Order, dated February 20, 2008, and issued simultaneously with this Order.

with respect to the Indirect Purchasers' state law claims.

## II. Legal Standard

"In reviewing a [Fed.R.Civ.P.] 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (citation omitted). "The issue is not whether a plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims.'" Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (citation omitted). At the same time, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation and internal quotations omitted).

## III. Analysis

### (A) Direct Purchaser Unjust Enrichment Claims

Defendants argue that the Direct Purchasers' Unjust Enrichment Claims should be dismissed because: (1) "plaintiffs plainly have an adequate remedy at law under the Sherman Act, they cannot sue under a common law equitable theory" (Def. Mem. at 2); (2) "these plaintiffs necessarily were in contractual privity with Del Monte and cannot assert a quasi-contractual cause of action" (id.); and (3) the Direct Purchasers "lack standing to bring unjust enrichment claims under the laws of any states other than [states in which named Direct Purchaser Plaintiffs] allegedly purchased pineapples from Del Monte" (id. at 7 n.6).

Plaintiffs counter, among other things, that: (1) "[u]nder the liberal pleading standard of Fed. R. Civ. P. 8, Plaintiffs are permitted to plead alternative theories of recovery, and may plead an antitrust claim while simultaneously pleading an unjust enrichment claim" (Pl. Mem. at 5-7);

(2) the "only contractual relationship that might exist between these plaintiffs and defendants deals with the price and quantity of pineapples purchased on a daily basis, . . . not the same subject matter as the independent tort of an antitrust violation" (id. at 7-8); and (3) "a class representative's standing to represent the rights of others, exists separate and apart from his or her standing to litigate his or her own claim" (id. at 5).

It is well-settled that a claim in "quasi contract does not lie where, as here, there is a valid contract between the parties respecting the matter at issue." Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 940 (2d Cir. 1998); accord Gerlinger v. Amazon.Com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004); Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co., 328 F. Supp. 2d 1319, 1345 (S.D. Fla. 2004) (Florida law); Mina Inv. Holdings Ltd. v. Lefkowitz, 16 F. Supp.2d 355, 361 (S.D.N.Y. 1998) (New York law); Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 656 (1987). In Gerlinger, a federal antitrust action, the court dismissed a pendent unjust enrichment claim because the pendent claim incorporated the allegation "that plaintiff 'purchased [goods] directly from at least one of the [d]efendants,'" resulting in a contractual relationship, and the defendants' unjust enrichment resulted from those (contractual) purchases. Id.; see also In re Intel Corp. Microprocessor Antitrust Litig., 496 F. Supp. 2d 404, 421 (D. Del. 2007); In re New Motor Vehicles Canadian Export Antitrust Litig., 350 F. Supp. 2d 160, 210 (D. Me. 2004). Similarly, in this case, the Direct Purchasers' Unjust Enrichment Claims allege that the Direct Purchasers bought pineapples directly from Del Monte, creating contractual relationships, and Del Monte's alleged unjust enrichment resulted from those (contractual) purchases. (Compl. ¶¶ 136-38.) "Accordingly, a valid express contract covering the same subject matter exists between the parties, and therefore an action in quasi-contract is inappropriate." Gerlinger, 311 F. Supp.

2d at 856.² The Direct Purchasers' Unjust Enrichment Claims are, therefore, dismissed with prejudice.

**(B)     Indirect Purchaser Claims**

Defendants argue that the Indirect Purchasers' state law claims should be dismissed under Fed.R.Civ.P. 12(b) for a variety of reasons, including lack of standing and failure to state a claim under individual state law statutes. (Def. Mem. at 7-22.) Because, in a separate Order issued simultaneously herewith, the Court denies certification of a class of Indirect Purchasers under Fed.R.Civ.P. 23, this aspect of Defendants' motion is denied as moot. See In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 543-44 (D.N.J. 2004); Barnes v. American Tobacco Co., Inc., 176 F.R.D. 479, 498 (E.D. Pa. 1997).³

**IV.     Conclusion and Order**

For the foregoing reasons, Defendants' partial motion [32] to dismiss the Complaint is granted with respect to the Direct Purchasers' Unjust Enrichment Claims and denied as moot with respect to all other claims.

Dated: New York, New York
       February 20, 2008



RICHARD M. BERMAN, U.S.D.J.

---

² Because the Court is dismissing all of the Direct Purchasers' Unjust Enrichment Claims on this contractual ground, the Court need not address Defendants' other arguments. See, e.g., Panacea Solutions, Inc. v. Roll, 2006 WL 3096022, at *6 (S.D.N.Y. Oct. 31, 2006).

³ The parties have not briefed the effect of a denial of class certification upon the claims of the individual named Plaintiffs.