

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE FRESH DEL MONTE PINEAPPLES       :
ANTITRUST LITIGATION.
                                       :
------------------------------------x     MEMORANDUM & ORDER

                                          03 Civ. 1232  (RMB)(MHD)
AMERICAN BANANA CO. et al.                04 Civ. 0705  (RMB)(MHD)
                                       :  04 Civ. 1687  (RMB)(MHD)
                    Plaintiffs,           04 Civ. 2406  (RMB)(MHD)
                                       :
          -against-
                                       :
DEL MONTE FRESH PRODUCE CO.,
                                       :
                    Defendant.
------------------------------------x
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

   The parties are in dispute concerning portions of five categories of documents sought by plaintiffs in their First Request for Production of Documents.[1] We have received submissions by both sides and now briefly address the matter.

   Request # 4: This request seeks all documents produced in Maui Pineapple Co. v. Del Monte Corp., Case No. C 01-1449 CRB (N.D. Cal. 2001). Defendant objects on relevance grounds, but only to the extent that the request encompasses documents that concern solely non-United States sales of pineapples.

---

[1] When plaintiff first briefed the question, the parties disagreed about aspects of eight document requests. Since that time, they have resolved their differences with respect to three of these items, numbered 19, 45 and 46. (See April 13, 2005 letter to the Court from David A. Barrett, Esq. at 5-6, 9).

In the course of a telephone conference on April 5, 2005, the parties advised us that their disagreement about the geographic scope of discovery underlay their disputes about a series of document requests. In summarizing plaintiffs' position, their counsel represented that information about overseas sales was needed by one of the plaintiffs' experts. We directed that the parties brief the matter, and that plaintiffs proffer an affidavit by that expert explaining his need for the documents.[2]

We have now received letter briefs from both sides, and plaintiffs have provided an affidavit by their trial counsel recounting in very brief terms his conversation with plaintiffs' damages expert. His explanation, in full, states:

> On Wednesday, April 6, 2005, I spoke with the Direct Purchasers Plaintiffs' economist [whom] we have retained to provide assistance with the class certification expert report now scheduled to be served on April 29, 2005. Our economist told me that he would like to receive foreign sales data in order to attempt to calculate damages in this case. He explained that this information may be helpful to calculate damages using a methodology known as the yardstick method.

(Affidavit of Michael M. Buchman, Esq., sworn to April 13, 2005, at ¶ 2).

---

[2] We also directed that defendant supply one or more affidavits to support any claim of undue burden with respect to any of the document requests in dispute. Defendant has done so.

The vagueness of this representation is perhaps a product of plaintiffs' failure to comply with the directive of the court to supply an expert's affidavit. Whether that is so, however, is inconsequential for present purposes. Plaintiffs suggest only that the information "may be helpful," they fail to provide any basis for their implication that a yardstick approach in this case is feasible, and they offer no explanation of why the information they seek would be needed to construct a yardstick analysis. We accordingly deny their request for non-United States sales, albeit without prejudice to renewal on a proper showing of relevance at an appropriate time.[3]

Request # 7: This request seeks all documents produced in Del Monte Fresh Produce Co. v. Dole Food Co., Case No. 00-4000-CIV-GOLD (S.D. Fla. 2000). The parties' dispute involves the same disagreement with respect to the relevance of documents reflecting overseas sales. Necessarily, then, the showing by plaintiff with respect to this request is deficient for reasons already noted.

Requests ## 25 & 26: By these requests plaintiffs originally sought "[a]ll documents that refer or relate to the product market

---

[3] We recognize that information may be discoverable even if it is unlikely to be admissible at trial, provided that it is calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Plaintiffs, however, have failed to demonstrate any basis for relevance at this point.

3

[and the geographic market] for whole fresh pineapples." Plaintiffs now propose modifying these requests to seek all documents that "describe the U.S. and European whole fresh pineapple product market" (item 25) and all documents that "describe the geographic scope of the whole fresh pineapple product market" (item 26). Defendant objects to these re-worked requests because (1) plaintiff does not demonstrate the relevance of foreign markets, and (2) the requests, in using the terms "product market" and "geographic market," are ill-defined, overbroad, and unduly burdensome to comply with.

Defendant's objections are well-taken. Since this lawsuit is premised on a claim of anti-competitive conduct impacting competition in the United States, it remains unclear why documents pertaining to the definition of a product market or geographic market elsewhere are pertinent. In any event plaintiffs fails to make a showing on this point.

Furthermore, the wording of the requests simply does not identify, with adequate precision, what categories of documents the plaintiffs are seeking.[4] In view of the blurriness of the language

---

[4] The fact that the terms "product markets" and "geographic markets" have been defined in case law as legal or economic concepts -- as plaintiffs argue (see April 8, 2005 letter to the Court from Michael Buchman, Esq., at 5)-- does not mean that plaintiff's use of them here translates into an understandable

used, coupled with the demand for "all documents" fitting within that unclear set of categories, we are loathe to order defendant to define for itself what types of documents would come within the seemingly capacious scope of these requests. Our unwillingness to do so is fortified by the fact that these requests seemingly could require searches in a large number of offices scattered far beyond the borders of this country. (See Declaration of Jean-Pierre Bartoli, executed in April 2005, at ¶¶ 2-3; Declaration of Bruce A. Jordan, Esq., executed April 13, 2005, at ¶¶ 2-3).

To resolve this matter, plaintiffs will be required to reformulate these requests to specify the types of documents that they are seeking and to set some boundaries to the size of the universe of requested documents. To encourage efficiency in this process, we expect counsel to consult directly with each other in the next week to ascertain how a document search may be designed that would provide the information that plaintiffs legitimately need to prepare this aspect of their case. If the parties are unable to agree on the wording of the requests, we will conduct a conference within the following week to resolve the matter, rather than inviting multiple rounds of document requests from the plaintiffs and serial objections from the defendant.

---

specification of documents that plaintiffs may be seeking.

Request # 27: This item, in its original incarnation, asked for all documents that "refer or relate to the market share of Champaka, CO-2 and/or MD-2 varieties of pineapples." The parties have agreed on a revision of this request (see Barrett letter at 8), but are still in dispute insofar as the request seeks documents about overseas market shares. For the same reasons as are articulated above, we find that plaintiff has failed to demonstrate the relevance of overseas sales, and we therefore decline to order production of documents pertaining solely to those sales.

The parties are to advise the court in writing by no later than May 2, 2005 as to the status of the plaintiffs' document requests, including any remaining issues as to the preparation of a privilege log.

Dated: New York, New York
       April 21, 2005

                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE

Copies of the forgoing Memorandum and Order have been mailed today to:

Michael M. Buchman, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York 10119-0165

David A. Barrett, Esq.
Boies, Schiller & Flexner LLP
570 Lexington Avenue
16th Floor
New York, New York 10022