**LSKS** | **LEVINE SULLIVAN KOCH & SCHULZ, LLP**

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax

Katherine M. Bolger
(212) 850-6123
kbolger@lskslaw.com

July 16, 2015

**VIA ECF & FIRST-CLASS MAIL**

The Honorable Richard M. Berman
United States District Court
 for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:   *In re Pineapple Antitrust Litigation*,
              No. 04-md-1628 (S.D.N.Y.)

Dear Judge Berman:

      We represent non-party David Samuels, a Contributing Writer at *The New York Times Magazine*. We write pursuant to Local Civil Rule 7.1(d) to respectfully request an order directing the Clerk to unseal in the above-captioned matter the following documents filed with the Court: Dkts. 67-9, 77-8, 87-1, 91-1, 96-1, 126-4, 126-6, 131-4, 142-1, 142-4, 157-1, 193-1, 202-1, 207, 208-4, 208-6.[1] Additionally, we respectfully request an order directing the Clerk to file unredacted copies of the following documents filed with the Court: Dkts. 46-5, 46-7, 86, 90, 92, 100, 197.

      The above-captioned case is of immense public importance and is but one chapter in a wide-ranging dispute over whether Del Monte Fresh Produce Co. and Del Monte Fresh Produce, N.A., Inc. ("Defendants") "improperly obtained and maintained a monopoly" over the pineapple market by, among other things, strong-arming competition and fraudulently seeking patents from the U.S. Patent and Trademark Office. *In re Fresh Del Monte Pineapples Antitrust Litig.*, No. 04-MD-1628RMBMHD, 2009 WL 3241401, at *1 (S.D.N.Y. Sept. 30, 2009), *aff'd sub nom. Am. Banana Co. v. J. Bonafede Co.*, 407 F. App'x 520 (2d Cir. 2010).

      Despite the gravity of the underlying allegations, much of the substantive evidence offered in this lawsuit has remained hidden from public view for years. Compounding this secrecy is the fact that several such documents were relied on by this Court in granting the Defendants' motion for summary judgment. For example, the Court cited and quoted from

---

[1] Although these are listed as individual docket entries, many represent multiple exhibits filed under seal. For example, Dkt. 87-2, while a single docket entry, actually reflects that Exhibits 1, 2, 3, 5, 6, 7, 8, 10-31, 34-37, 40-44, 46-49, 52, and 55-90 were all filed under seal.



The Hon. Richard M. Berman
July 16, 2015
Page 2

several exhibits attached to a declaration submitted by Defendants' counsel, Carl E. Goldfarb, in support of the motion for summary judgment. *See, e.g.*, *id.* at *8 (quoting Goldfarb Decl., Ex. 36); *id.* at *10 (same as to Ex. 16); *id.* at *18 (same as to Exs. 18, 20, 31, 54, 58); *id.* at *19 (same as to Exs. 31, 58, 62); *id.* at *20 (same as to Ex. 23); *see generally* Dkt. 193 ("Goldfarb Decl."). But all of these exhibits are under seal on the Court's docket leaving the public to guess as to their context and content.

Your Honor has rightly made clear that "[l]itigants should assume that *all* pleadings and documents will appear on the public docket, with very limited exceptions." Individual Practices of Hon. Richard M. Berman (March 2015) (emphasis added); *see also, e.g.*, Hon. Richard M. Berman, *Media and Public Access to Proceedings* (July 28, 2010) ("It is the Court's practice to ensure wide access to court proceedings . . . ."). The Second Circuit is in accord: "[O]ur Constitution, and specifically the First Amendment to the Constitution, . . . protects the public's right to have access to judicial documents." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). That right does not exist for its own sake, but rather serves the fundamental purposes of ensuring that the judiciary has a "measure of accountability" and the public has "confidence in the administration of justice." *Id.* at 240 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

This constitutional right of access extends to judicial documents (that is, any documents that are "relevant to the performance of the judicial function and useful in the judicial process") that have been historically available to the public and whose access "plays a significant positive role" in the functioning of the proceeding.[2] *Id.* at 239 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 124 (2d Cir. 2006)). Under this test, the Second Circuit has found a First Amendment right of access to various documents filed in civil actions. *See, e.g.*, *Erie Cnty., N.Y.*, 763 F.3d at 242 (compliance reports submitted in connection with settlement obligations); *Lugosch*, 435 F.3d at 124 ("documents submitted to the court in connection with a summary judgment motion"); *Pellegrino*, 380 F.3d 83 (docket sheets). And it has found that where the right attaches, it can only be overcome under certain limited circumstances: "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation and marks omitted).

Here, many of the sealed documents are clearly judicial records subject to the First Amendment right of access but no such showing has been made. Indeed, the Goldfarb Declaration submitted in support of summary judgment, *see* Dkt. 193, is exactly the type of judicial record the Second Circuit has found subject to the right of access, *see Lugosch*, 435 F.3d at 124. So too are exhibits filed in support of Direct Purchaser Plaintiffs' motion for

---

[2] Judicial records not subject to the First Amendment right of access are still "presumed to be publicly accessible" under the common law right of access. *Erie Cnty., N.Y.*, 763 F.3d at 239.



The Hon. Richard M. Berman
July 16, 2015
Page 3

reconsideration, Dkt. 131-5, as are exhibits submitted in opposition to certifying the class, Dkt. 157-1.  And there are more.  *See, e.g.*, Dkt. 197 (Redacted Reply Memorandum); Dkt. 202 (Declaration of Carl E. Goldfarb in support of Motion for Summary Judgment).[3]

      Yet, it is impossible to discern from the record any findings demonstrating that sealing is necessary to serve a compelling interest; the only possible justification appears to be the existence of a protective order.  *See* Dkt. 17.  But a protective order alone cannot overcome the press and the public's First Amendment right of access.  *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) ("[T]he facts necessary to show good cause for a protective order applicable to discovery documents that are not yet implicated in judicial proceedings will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents."); *Rancharan v. Family Dollar Stores, Inc.*, No. 10 CIV. 3176 RMB FM, 2011 WL 1796395, at *1 (S.D.N.Y. May 3, 2011) (Berman, J.) (denying motion to file under seal pursuant to protective order exhibits because they were "relevant to the issues . . . presented to the Court" and moving party failed to show "exceptional circumstances" meriting sealing).  And at any rate, the Court made clear that it "retains discretion whether to afford confidential treatment to any confidential document . . . submitted to the Court in connection with *any* motion application," Dkt. 17 at 1 (emphasis added), making unabashed reliance on the protective order unreasonable, *cf. S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001).  For these reasons, Mr. Samuels respectfully requests that the Court order the immediate unsealing and public filing of the documents currently under seal or subject to redaction.

      Thank you for your consideration to this matter.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: /s/ Katherine M. Bolger
     Katherine M. Bolger

---

[3] We also note that several other documents not specifically referenced above are also subject to several redactions by the parties, *see, e.g.*, Dkts. 141, 182-2, 191, although such redactions are not denoted on the docket.  We have not made an exhaustive review of each and every filing made in this action over seven years due to time and cost restraints, and, therefore, do not attempt to make an exhaustive listing of each and every redacted document subject to the public's right of access.  We note, however, that it is the *parties'* burden to keep documents under seal.  *See generally U.S. v. Haller*, 837 F.2d 84 (2d Cir. 1988).  Thus, absent the parties demonstrating that closure remains "essential" here, we respectfully request an order requiring unredacted versions of each document currently on the docket to be publicly filed as well.  *Id.* at 87.



The Hon. Richard M. Berman
July 16, 2015
Page 4

cc:     All counsel of record (via ECF)