UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE PINEAPPLE ANTITRUST LITIGATION :

------------------------------------x

ORDER
04 md. 1628 (RMB)(MHD)

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

Mr. David Samuels, a contributing writer at the New York Times, has moved to intervene in this long-closed civil lawsuit for the stated purpose of applying to unseal a variety of hitherto sealed documents that were filed with the court during the pendency of the litigation. Mr. Samuels intertwines his application to intervene with a concurrent motion to unseal those documents to which he seeks access. Defendants Del Monte Fresh Produce Company and Del Monte Fresh Produce, N.A. (collectively "Del Monte") oppose the intervention.[1] To the extent that Mr. Samuels is seeking to intervene in this lawsuit, his motion is granted. As described below, we reserve for a later occasion a decision on the application to unseal.

----

[1] Via scheduling order dated July 28, 2015, we authorized Mr. Samuels to move to intervene, expressly relegating briefing on the issue of sealing to a period subsequent to adjudication of this preliminary decision. (See Endorsed order dated July 28, 2015 [docket no. 244]).

1

The courts have repeatedly recognized that members of the press (and other non-parties) may seek to pursue modification of confidentiality orders that have led to the sealing of documents filed with the court, and that the appropriate procedural mechanism to do so is a motion to intervene. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 598 & 609 n.25 (1982); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 117-19 (2d Cir. 2006). Whether deemed an intervention as of right under Rule 24(a) or a permissive intervention under Rule 24(b),[2] intervention by the press -- a step preliminary to determining whether any sealed documents should be disclosed -- should be granted absent some compelling justification for a contrary result. See, e.g., Schiller v. City of New York, 2006 WL 2788256, *2 (S.D.N.Y, Sept. 27, 2006); In re NASDAQ Mkt.-Makers Antitrust Litig., 164 F.R.D. 346, 351 (S.D.N.Y. 1996); see also Kelly v. City of New York, 2003 WL 548400, *3 (S.D.N.Y. Feb. 24, 2003) (newspaper intervention granted so that it may "articulate the public interest in access to the records at issue").

Defendants offer no viable basis to deny the motion of Mr.

---

[2] Permissive intervention is the more commonly invoked route. See, e.g., Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 294 (2d Cir. 1979).

Samuels, who reports that he is seeking access to documents to assist in a journalistic project that he is undertaking that is designed to address -- as his counsel describes it -- whether Del Monte "'improperly obtained and maintained a monopoly' over the pineapple market by, among other things, strong-arming competition and fraudulently seeking patents from the U.S. Patent and Trademark Office." (Declaration of Katherine Bolger, Esq., dated July 31, 2015 ["Bolger Decl."] Decl. Ex. A at p. 1) (quoting In re Fresh Del Monte Pineapples Antitrust Litig., 2009 WL 3241401, *1 (S.D.N.Y. Sept. 30, 2009), aff'd sub nom. American Banana Co. v. J. Bonafede Co., 407 F. App'x 520 (2d Cir. 2010)).

In substance, Del Monte complains (1) that many years have passed since the conclusion of the case, (2) that Mr. Samuels is seeking too broad an array of documents, and (3) that retrieving old files and reviewing them will be burdensome and expensive. (Defs.' Mem. 4-8). Del Monte also suggests that there is limited, or no, public interest in the issue since defendants prevailed in the underlying lawsuit and much time has passed since the events that underlay the lawsuit took place. (Id. at 8-9). These assertions, all made in conclusory fashion, are entirely unconvincing.

The decision whether a potential investigatory story is newsworthy is ultimately for the journalist to make; it is not for the subject of the investigation or the court to decide, even though, in weighing whether to unseal, the court must balance that public interest against other relevant considerations. Accord, e.g., Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 168 (S.D.N.Y. July 30, 2003) ("[Intervenor] has demonstrated a legitimate interest in disclosure of the documents at issue -- i.e., to provide readers with a complete story."). As for defendants' assertion of untimeliness, there is no legal authority of which we are aware -- and none cited by Del Monte -- to the effect that there is a deadline by which such a journalistic request for access to documents must be asserted, and certainly no requirement that the application be made before the lawsuit is closed. See, e.g., United States v. Erie County, 2013 WL 4679070, *6 (W.D.N.Y. Aug. 30, 2013) ("[I]ntervention for the purpose of challenging confidentiality orders is permissible even years after a case has been closed.") (citing cases), rev'd on other gds., 763 F.3d 235 (2d Cir. 2014). Although defendants suggest that the authorities cited by the movant concern applications made no more than three years after the closure of the cases in question, whereas here the request comes five years after the closure of the Pineapple litigation (Defs.' Mem. 4), there is no implication in

4

the caselaw or in common sense why the passage of more than three years should disable a journalist from seeking unsealing. <u>See</u>, e.g., <u>Blum v. Merrill Lynch Pierce Fenner & Smith Inc.</u>, 712 F.3d 1349, 1353 (9th Cir. 2013) ("[M]otions to intervene for the purpose of seeking modification of a protective order in long-concluded litigation are not untimely.");  <u>E.E.O.C. v. National Childrens Center, Inc.</u>, 146 F.3d 1042, 1047 (D.C. Cir. 1998) ("[T]here is a 'growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated.'") (quoting <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 779 (2d Cir. 1994)); <u>S.E.C. v. AOB Commerce, Inc.</u>, 2013 WL 5405697, *1 (C.D. Cal. Sept. 23, 2013) (granting motion five years after case closure); <u>Diversified Group, Inc.</u>, 217 F.R.D. at 158 n.4. Indeed, in this respect we note that the burden cited by defendants would not meaningfully change whether the delay was three years or five.

As for the degree of burden, at this point that is a matter of speculation, and thus finds expression only in the conclusory assertions of Del Monte's counsel, who simply notes that the request will require review of 380 documents consisting of more than 3,600 pages and consultation with clients or others, and may involve up to "100 hours or more", with a hypothesized expense of

$75,000.00 to $150,000.00. (Defs.' Mem. 5-7). Whether that is extraordinarily burdensome for Del Monte may be questioned, but in any event that is not a basis for denying intervention.[3]

CONCLUSION

The application of Mr. Samuels to intervene for the purpose of seeking unsealing of documents is granted. A briefing schedule on his motion to unseal will be set subsequent to the submission of the anticipated status update.

**Dated: New York, New York**
**August 7, 2015**

**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] At one point defendants suggest that at the very least the court should order the intervenor to bear the costs of the litigants in reviewing documents. (Defs.' Mem. 7-8). That is a matter to address at the end of this proceeding, not at the beginning.